UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHIRLIE D. GREEN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | 1:04-CV-14-MHS |
| JACQUELYN H. BARRETT, | : | |
| Defendant. | : | |

## ORDER

This action is before the Court on the Court's own motion for reconsideration of its denial of defendant Barrett's motion for summary judgment in light of the Supreme Court's recent decision in <u>Garcetti v. Ceballos</u>, 126 S. Ct. 1951 (2006). The parties have filed supplemental briefs in accordance with the Court's Order of June 22, 2006.[1] For the following reasons, after reconsideration in light of <u>Garcetti</u>, the Court affirms its decision denying defendant's motion for summary judgment.

---

[1] Defendant Barrett styled her submission as a renewed *motion* for summary judgment, but the Court will treat it as a supplemental brief in support of defendant's original motion for summary judgment.

## Background

On March 26, 2003, plaintiff Shirlie D. Green, then Chief Jailer at the Fulton County Jail, testified at an emergency hearing in Fulton County Superior Court. The hearing had been called at the request of defendant Fulton County Sheriff Jacquelyn Barrett to consider whether Jamil Abdullah Al-Amin, the convicted murderer of a Fulton County deputy sheriff, should be transferred from the Fulton County Jail to a maximum security state prison. A week earlier Al-Amin had attempted to escape. Before he was apprehended, security cameras had observed Al-Amin opening his jail cell and moving freely about the jail.

Green testified at the hearing regarding security at the jail. Specifically, according to her complaint, she stated that "many of the cell door locks were either broken or could be easily jammed by prisoners, including locks in the area of the jail used to house high-security prisoners such as Al-Amin," and that "prisoners regularly let themselves out of their cells at night." (Am. Compl. ¶¶ 25-26.) Green also testified that she thought the jail was "unsafe" insofar as housing inmates like Al-Amin was concerned. (Id. ¶ 28.)

The following day, Sheriff Barrett fired Green. Although Green's termination letter did not give a reason for the firing, Green alleges that Barrett told her she was being fired because of her testimony. (Am. Compl. ¶ 33.) In a story published in the <u>Atlanta Journal-Constitution</u> the day after the firing, reporter Steve Visser quoted Barrett as saying, "I was so concerned about that testimony that the chief gave that she was terminated today. It's a safe building." (Am. Compl. ¶ 35.)

On October 31, 2003, Green filed this action in Fulton County Superior Court against Barrett, both individually and in her official capacity, alleging that Barrett fired her because of her testimony on a matter of public concern in violation of Green's free speech rights under the First Amendment to the U.S. Constitution and Article I, Section I, Paragraph V of the Georgia Constitution. Green sought both compensatory and punitive damages, as well as reinstatement. Barrett removed the case to this Court, and Green subsequently amended her complaint to add Fulton County as a defendant.

3

On July 26, 2005, the Court entered an Order granting defendant Fulton County's motion for summary judgment. In the same Order, the Court denied defendant Barrett's motion for summary judgment on grounds of qualified immunity. Applying the four-part balancing test derived from the Supreme Court's decision in Pickering v. Bd. of Educ., 391 U.S. 563 (1968), and construing the evidence in the light most favorable to plaintiff, the Court concluded that plaintiff had established that defendant violated her clearly established First Amendment rights. Order at 12-16.

Subsequently, the parties filed their proposed consolidated pretrial order and engaged in an unsuccessful effort at mediation. Then, on May 30, 2006, the Supreme Court issued its decision in Garcetti v. Ceballos. In that case, Ceballos, a deputy district attorney, alleged that he was disciplined for a memorandum he submitted to his superiors, in which he argued that a prosecution should be dropped due to what he believed was police misconduct.[2] The Supreme Court found that the controlling factor in the case was that Ceballos' "expressions were made pursuant to his duties as a

---

[2] Ceballos also claimed that he was disciplined in part due to his truthful testimony at a hearing on a defense motion in the case.

4

calendar deputy." <u>Garcetti</u>, 126 S. Ct. at 1959-60. The Court held that "when public officials make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employee discipline." <u>Id.</u> at 1960.

Recognizing that <u>Garcetti</u> might apply to this case, the Court directed the parties to file supplemental briefs addressing whether defendant Barrett is entitled to summary judgment under the holding in <u>Garcetti</u>.

Discussion

Plaintiff argues that <u>Garcetti</u> is not controlling for two reasons. First, plaintiff notes that the holding in <u>Garcetti</u> was limited to the internal memorandum Ceballos submitted to his superiors and did not address whether First Amendment protection should be afforded to Ceballos' in-court testimony, which is the issue presented in this case. Second, plaintiff argues that even if <u>Garcetti</u> did apply to in-court testimony, plaintiff's speech was still protected in this case because she did not testify pursuant to her official duties as Chief Jailer.

5

In response, defendant argues that plaintiff reads <u>Garcetti</u> too narrowly. Defendant disputes that <u>Garcetti</u> drew any distinction between written speech and testimonial speech. Defendant also argues that the undisputed evidence shows that plaintiff was called to testify solely because of the knowledge she possessed regarding security at the jail due to her position as Chief Jailer. Therefore, defendant argues, regardless of whether "court testimony" was included in plaintiff's formal job description, her testimony was given "pursuant to her official duties" and thus is not protected under the holding in <u>Garcetti</u>.

The Court concludes that <u>Garcetti</u> is not controlling in this case. Plaintiff correctly notes that the <u>Garcetti</u> holding is limited to the memorandum Ceballos wrote to his superiors. The opinion did not address the issue presented here, i.e., whether Ceballos' in-court testimony constituted protected speech. <u>Garcetti</u>, 126 S. Ct. at 1971, 1972-73 (Souter, J., dissenting). This is an important distinction. As Justice Souter observed in his dissent, "the claim relating to truthful testimony in court must surely be analyzed independently to protect the integrity of the judicial process." <u>Id.</u> at 1973.

6

Thus, even if plaintiff's testimony was "pursuant to her official duties," nothing in Garcetti requires a finding that such testimony was unprotected. Furthermore, there is Eleventh Circuit authority that such speech *is* protected. See Martinez v. City of Opa-Locka, Fla., 971 F.2d 708, 712 (11th Cir. 1992)(testimony by city's purchasing department director regarding city purchasing practices was protected). Accordingly, even when viewed in light of Garcetti, the Court concludes that its Order denying defendant's motion for summary judgment on grounds of qualified immunity was correct.

Summary

For the foregoing reasons, following reconsideration upon the Court's own motion, the Court's Order of July 26, 2005 [#97], denying defendant Barrett's motion for summary judgment [#76, #77] is AFFIRMED.

IT IS SO ORDERED, this 1st day of September, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia